IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**BLACKWATER DRAW DAIRY, LLC,**
a New Mexico limited liability company,

    Plaintiff,

vs.                                                                                         11cv0846 RB/WDS

**KEITH LAMBRIGHT and**
**SHIPSHEWANA AUCTION, INC.,**

    Defendants.


### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Doc. 53) and Supplemental Motion for Leave to File Amended Complaint. (Doc. 68). Jurisdiction arises under 28 U.S.C. § 1332. Having reviewed the parties' submissions, relevant law, and being otherwise fully advised, the Court GRANTS Plaintiff's Supplemental Motion for Leave to File Amended Complaint as modified herein and DENIES AS MOOT Plaintiff's Opposed Motion for Leave to File Amended Complaint.

**I.  Background**

This dispute arises over a cattle deal gone wrong. Plaintiff Blackwater Draw Dairy (Blackwater) contends that it agreed to sell 650 head of cattle to the Defendants in exchange for payment of $1,365,000 at a later date. Once it became clear that payment would not be forthcoming, Blackwater brought the present suit alleging breach of contract, unjust enrichment, and collection on an open account. While the suit was pending, however, Blackwater learned of

new details regarding the failed cattle transaction that, if established, would potentially entitle Blackwater to additional forms of relief. In light of this additional information, Blackwater filed a Motion for Leave to Amend the Complaint and a subsequent Supplemental Motion for Leave to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Blackwater seeks to add causes of action for violations of the Packers and Stockyards Act of 1921, fraud, *prima facie* tort, civil conspiracy, and conversion. (Doc. 68, Ex. A). Blackwater's First Amended Complaint (FAC) would also add Portales Livestock Auction as a plaintiff. The Defendants oppose Blackwater's motion as untimely, futile, and prejudicial to their defense.

## II.     Discussion

After the time for amendment as a matter of course has passed, a plaintiff may only amend its complaint by the agreement of both parties or by leave of the Court. FED. R. CIV. P. 15(a)(2).When a party seeks leave to amend its pleadings, the Court must "freely give leave when justice so requires." *Id.* Liberally allowing leave to amend ensures "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). During the pretrial phase of litigation, courts should allow amendment in order to ensure all issues are before the court. 3 Matthew Bender, Moore's Federal Practice §15.14 (3d ed. 1997). However, leave to amend is properly denied in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," or where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because the additional causes of action contained in Blackwater's Supplemental Motion for Leave to File Amended Complaint arise out of the same transaction that prompted

Blackwater's initial complaint, it is an amendment to the pleadings rather than a supplement, and will be governed by Federal Rule of Civil Procedure 15(a) as well as the aforementioned determinative factors. *See Frank v. U.S. West, Inc.* 3 F.3d 1357, 1365 (10th Cir. 1993) (supplemental pleadings must arise out of a transaction or occurrence that has happened since the filing of the pleadings to be amended). In light of the policy favoring liberal amendment of complaints and because the factors justifying denial of leave to amend are absent, the Court grants Plaintiff's Supplemental Motion for Leave to File Amended Complaint as modified herein.

## II.     Discussion

The Defendants first contend that Blackwater's motions to amend are untimely in light of the deadlines agreed upon by both parties in the Joint Status Report (JSR). (Doc. 16). The JSR provided for the amendment of pleadings and the addition of parties for up to forty-five days after the scheduling conference held on December 5, 2011. However, the Scheduling Order issued December 8, 2011, declined to adopt the proposed deadlines for amending the pleadings and joining additional parties, instead requiring that "[p]retrial motions, other than discovery motions, shall be filed with the court and served on opposing party by June 18, 2012." (Doc. 20). This deadline was later extended to August 17, 2012. (Doc. 44). Because Blackwater's motion to amend and supplemental motion to amend were filed on May 4, 2012, and May 26, 2012, respectively, they fall within the deadline adopted in the Scheduling Order and are therefore timely. However, even when filed in a timely manner, a motion for leave to amend should be denied where the amended claims would be futile. *Scull v. Mgmt. & Training Corp.*, 2012 WL 592872 at *3 (D.N.M. Feb. 9, 2012). Because Blackwater's motions are timely, the Court's inquiry turns to whether the proposed amendments would be futile.

An amended complaint is futile where it would be subject to dismissal. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999). A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For a claim to avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), the factual allegations in the claim "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). When there are well-pleaded allegations, a court must assume the factual allegations are true and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). In order to be entitled to relief, a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* 550 U.S. at 570.

In its FAC, Blackwater alleges several violations of the Packers and Stockyards Act of 1921 (PSA). 7 U.S.C. § 181 *et seq*. This Court has jurisdiction over claims arising under the PSA pursuant to PSA §209(b), which allows violations of the PSA to be enforced by any United States district court of competent jurisdiction. 7 U.S.C. § 209(b)(2). Blackwater's FAC first seeks to add claims under §192(a) and §213 of the PSA for failure to make prompt payment of the full amount of the purchase price for 650 head of cattle and for the unauthorized sale of 252 head of those cattle to a location in Kentucky. (Doc. 68). It is unlawful under §192(a) for any packer to "engage in or use any unfair, unjustly discriminatory, or deceptive practice or device." Similarly, under §213 it is unlawful for any dealer in livestock "to engage in or use any unfair, unjustly discriminatory, or deceptive practice or device in connection with . . . the receiving, marketing, buying, or selling on a commission basis . . . of livestock." Plaintiff has sufficiently alleged that Defendants are packers within the meaning of the PSA. 7 U.S.C. §§ 182(1), 191.

To state claims under PSA §§192(a) and 213, Blackwater must allege that Defendants, in

connection with the purchase of livestock, employed an "unfair, unjustly discriminatory, or deceptive practice or device." 7 U.S.C. §§192(a), 213. Because the PSA does not define "unfair, unjustly discriminatory, or deceptive practice or device," the Tenth Circuit has instructed that the words' meanings be determined by the specific facts of the case while considering the purposes of the PSA. *Capitol Packing Co. v. United States*, 350 F.2d 67, 76 (10th Cir. 1965). The Supreme Court has declared the "chief evil" addressed by the PSA to be "the monopoly of the packers, enabling them unduly and arbitrarily to lower prices to the shipper, who sells, and unduly and arbitrarily to increase the price to the consumer, who buys." *Stafford v. Wallace,* 258 U.S. 495, 514-15 (1922). By prohibiting monopolistic practices, the PSA seeks to ensure the "free and unburdened flow of live stock." *Id.*

With these broad goals of the PSA in mind, courts have consistently interpreted "deceptive practice or device" as requiring more than an isolated incident of unfair conduct on the part of a packer. *See Guenther v. Morehead,* 272 F. Supp. 721, 726 (S.D. Iowa. 1967); *McClure v. E.A. Blackshere Co.,* 231 F. Supp. 678, 682 (D.Md. 1964). The Tenth Circuit, while never expressly defining "deceptive practice or device," has adopted such language as "methods of trade" and "course of dealing" when discussing what might qualify as a deceptive practice or device. *Capitol Packing Co.,* 350 F.2d at 77. "Methods of trade" and "courses of dealing" imply a recurring practice by a packer or a customary approach to business transactions. *See Murray v. Hutchinson Comm'n Co.,* 2010 WL 3417843 at *4 (N.D. Okla. Aug. 26, 2010) (plaintiffs failed to establish that an isolated sale of stolen cattle amounted to a "deceptive practice or device"). Without more, it is unlikely that an isolated incident will amount to a "deceptive practice or device" for the purposes of PSA § 213 and § 192(a). *Id.*

Blackwater's allegation that Defendants failed to pay for 650 head of cattle and

subsequently sold a portion of those cattle without authorization does not amount to a deceptive practice or device. The present allegations arise over a single, private transaction, not a systematic business practice that exploits market inequalities between a livestock seller and a packer. Because the PSA was intended to address systematic monopolistic practices of the meat packing industry, and not isolated instances of deceptive dealing, Blackwater's claims under §213 and §192(a) would be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and must be denied as futile.

Blackwater next alleges a violation of §196 of the PSA, which requires that "all livestock purchased by a packer in cash sales . . . be held by such packer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid sellers." 7 U.S.C. § 196. For a trust to be imposed under §196 of the PSA, a packer must average over 500,000 dollars in annual livestock purchases and the transaction must be a cash sale. *Id.* If a trust is required under the PSA, a seller will lose the benefit of the trust if the seller fails to preserve the trust within thirty days of the date of payment required by §228b[1] or, if notice has been given by the packer that the payment instrument has been dishonored, within fifteen days after receiving such notice from the packer. *Id.* A seller preserves the trust for purposes of PSA §196 by issuing written notice to the packer and filing such notice with the Secretary of Agriculture. 7 U.S.C. § 196(b); *see also* 9 CFR § 203.15 (detailing the form that written notice from the unpaid seller should take).

Even assuming Defendants were required to hold the livestock in trust pursuant to PSA §196, Blackwater gives no indication that it preserved its interest in the trust by giving written

---

[1] Section 228b requires payment by the close of the next business day following the transfer of livestock.

notice to the Defendants and the Secretary of Agriculture within the prescribed time limit. The deadline for filing notice and preserving Blackwater's interest in the trust expired long before the present claims were brought.  Thus, if Blackwater has preserved its interest in the trust it may amend its FAC accordingly prior to filing.  However, barring the allegation of facts supporting Blackwater's preservation of the trust under §196, this claim would be subject to dismissal and therefore must be denied as futile.

Blackwater next alleges a violation of §221 of the PSA, which requires packers to "keep such accounts, records, and memoranda as fully and correctly disclose all transactions involved in his business, including the true ownership of such business by stockholding or otherwise." 7 U.S.C. § 221. Blackwater alleges that Defendants failed to provide Blackwater with a bill of sale and other documents pertaining to the transaction at the center of the present suit. Requiring accurate records is an "essential means in the accomplishment of the purposes of the Packers and Stockyards Act" and the absence of documentation and records from the transaction would amount to a failure to keep full, correct records disclosing all transactions in violation of PSA §221. *Hyatt v. United States,* 276 F.2d 308, 312 (10th Cir. 1960). Taking as true the allegations that Defendants failed to provide a bill of sale and other documentation, Blackwater states a plausible claim for relief under §221.

Blackwater's FAC next alleges claims arising under §228(b) and §228(c) of the PSA. However, Section 228 merely grants the Secretary of the Department of Agriculture the authority to promulgate regulations and rules in order to carry out the purposes of the PSA. The sections cited offer no form of relief for the Plaintiff – §228(c) states that the Secretary of Agriculture shall give testimony before Congress justifying the Department of Agriculture's proposed annual budget, and §228(b) pertains to certain deductions the Secretary of Agriculture may take for

educational and research activities. Thus, it is unclear what relief Blackwater seeks under these two sections of the PSA. However, Blackwater's allegation that Defendants "fail[ed] to make prompt payment of the full amount of the purchase price . . . for the 650 head of cattle shipped to Defendants," (doc. 68), makes it likely that Blackwater intended to state a claim for relief under §228b,[2] which requires packers to issue payment for purchased cattle by the next business day. 7 U.S.C. § 228b. Assuming Blackwater intended to cite 228b, the Court finds that Blackwater's FAC alleges sufficient facts to state a plausible claim for relief. If Blackwater did in fact intend to cite §228b, it may make this adjustment prior to filing its FAC. However, because the claims arising under §228(b) and (c) offer no basis for relief, they must be denied as futile.

Because the present case is a diversity action and the remainder of Blackwater's additional claims do not arise under federal law, the Court must apply the choice of law rules of the forum state to determine what substantive law governs Blackwater's additional claims. *Valencia v. Colorado Cas. Ins. Co.,* 560 F. Supp. 2d 1080, 1085 (D.N.M. 2007). In tort cases, New Mexico's choice of law rules adhere to the doctrine of *lex loci delicti commissi,* which requires the law of the place where the wrong occurred to be applied. *Id.* The wrong occurs in the state "where the last event necessary to make an actor liable for an alleged tort takes place." *Guidance Endodontics, LLC. v. Dentsply Intern, Inc.* 728 F. Supp. 2d 1170, 1185 (D.N.M. 2010). This is generally interpreted to mean "the court applies the law of the place where the legal consequences – the legal injury – occurred." *Id.*  Here, the injury to Blackwater occurred in New Mexico, and therefore New Mexico substantive law will govern the remaining additional claims.

---

[2] As opposed to 228(b).

To establish a claim of *prima facie* tort, a plaintiff must show the following elements: (1) an intentional act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; and (4) the absence of sufficient justification for the injurious act. *Mosley v. Titus*, 762 F. Supp. 2d 1298, 1321 (D.N.M. 2010). In its FAC, Blackwater alleges the following: (1) the Defendants intentionally entered into an elaborate contract with Blackwater and Portales Livestock Auction; (2) the Defendants never intended to honor the contract and thus intended to financially injure Blackwater and Portales Livestock Auction in order to purchase the struggling businesses at a low price; (3) Blackwater was injured by the Defendants' non-payment of money owed under the contract; and (4) Defendants have no justification for the action. (Doc. 68). Assuming the veracity of these allegations, Blackwater has stated a claim of *prima facie* tort that is plausible on its face.

Blackwater next asserts a claim of civil conspiracy. A claim of civil conspiracy requires the plaintiff to show that a conspiracy between two or more people existed, that the specific wrongful acts were carried out by the defendants pursuant to the conspiracy, and that those acts injured the plaintiff. *Seeds v. Lucero,* 113 P.3d 859, 863 (N.M. Ct. App. 2005). Blackwater alleges the following in its FAC: (1) the Defendants, in concert with others, deliberately refused to satisfy the outstanding debt for the purposes of creating a separate business entity in order to purchase Blackwater's business at a discounted rate due to the financial duress of the principal; (2) the previously mentioned specific wrongful acts were carried out by the Defendants pursuant to a joint plan to buy Blackwater's businesses, and; (3) as a result of these wrongful acts, Blackwater has suffered harm stemming from non-payment for 650 head of cattle. (Doc. 68). In light of the mandate in Fed. R. Civ. P. 15(a)(2) that leave to amend be given freely, Blackwater has stated a plausible claim for relief.

Blackwater's FAC next alleges fraud. When alleging fraud, a heightened degree of specificity is required in the pleading. A plaintiff must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  But, "malice, intent, knowledge, and other conditions of a persons' mind may be alleged generally." *Id.* To avoid dismissal, "an allegation of fraud must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Midgley v. Rayrock Mines, Inc.*, 374 F. Supp. 2d 1039, 1047 (D.N.M. 2005) (internal citations omitted). Under New Mexico common law, an actionable claim of fraud requires "a misrepresentation of a fact, known to be untrue by the maker, and made with an intent to deceive and to induce the other party to act upon it with the other party relying upon it to his injury or detriment." *Unser v. Unser,* 526 P.2d 790, 795 (N.M. 1974). In the present case, Blackwater alleges the following specifics regarding the circumstances constituting fraud:

> Relying on Defendant Lambright's false representations to Randy Bouldin Principal of Blackwater Draw Dairy and PLA, that Lambright had secured a collateralized note from a buyer for the sale of 650 head of cattle from Blackwater, and that, having secured this note, Lambright would have the funds to pay Plaintiffs by December 2008, and would, in fact, make payment or execute on collateral to ensure payment to Defendants and subsequently to Plaintffs, Plaintiffs shipped 650 head of cattle to Lambright in October 2008.

(Doc. 68).

Blackwater goes on to allege that these material misrepresentations were known to be false by the Defendants and that as a result of the misrepresentation Blackwater suffered injury. The allegation of fraud made by Blackwater satisfies the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and states a claim for relief that is plausible on its face.

Finally, Blackwater seeks to add a cause of action for conversion. To establish conversion, the plaintiff must show that at the time of conversion the plaintiff had ownership of

the chattel or the right to posses the chattel. *Aragon v. Gen. Elec. Credit Corp.* 557 P.2d 572, 574 (N.M. App. 1976). Blackwater alleges that Defendants shipped 252 head of cattle owned by Blackwater to a third party in Kentucky without authorization by Blackwater, thereby exercising dominion over Blackwater's cattle inconsistent with their ownership right. (Doc. 68). Taken as true, these allegations satisfy the elements of conversion and state a claim for relief that is plausible on its face.

In the absence of untimeliness and futility, the determinative factor in evaluating a motion for leave to amend becomes prejudice to the opposing party. *Phelps v. Hamilton*, 166 F.R.D. 489, 491 (D. Kan. 1996). Prejudice results where an opposing party's amendment creates "undue difficulty in defending a lawsuit because of a change of tactics or theories." *Heslop v. UCB, Inc.* 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001). However, no prejudice results from additional claims where "there is a significant overlap in the factual underpinnings and defenses." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1209 (10th Cir. 2006). The burden lies with the opposing party to show some specific way in which the amendment will be prejudicial. *Phelps,* 166 F.R.D. at 491.

Granting Blackwater leave to amend its complaint will not unduly prejudice the Defendants. The Defendants contend that allowing Blackwater's amended claims will lead to additional discovery expense. However, the additional claims do not arise out of a wholly new set of facts and would not require a significant additional amount of discovery. There is sufficient overlap in the factual underpinnings and defenses of the original Complaint and the FAC to ensure that any additional discovery would not be unduly burdensome to the Defendants. Therefore, any prejudice that may result to Defendants would be insufficient to weigh against granting leave to amend.

In addition to the aforementioned claims, Blackwater's supplemental motion to amend seeks to add another party, Portales Livestock Auction, as a plaintiff. (Doc. 68). Federal Rule of Civil Procedure 20(a)(1) allows plaintiffs to be joined where they assert any right of relief arising out of the same transaction or occurrence and a common question of law or fact common to all plaintiffs will arise in the action. FED. R. CIV. P. 20(a)(1); *see also Zhu v. Countrywide Realty Co.* 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001). Portales Livestock Auction and Blackwater's claims both arise out of the same financial transaction that Blackwater alleges entitles it to relief, and the same questions of fact regarding the financial harm allegedly caused by the Defendants will be common to Portales Livestock Auction and Blackwater. Therefore, Portales Livestock Auction may be added as a plaintiff.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Supplemental Motion for Leave to File Amended Complaint (Doc. 68) is GRANTED as modified herein**.**

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion for Leave to File Amended Complaint (Doc. 53) is DENIED AS MOOT.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**