IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BLACKWATER DRAW DAIRY, LLC,**
A New Mexico Limited Liability Company,

**Plaintiff,**

vs.                                                                 No. 2:11-cv-00846-RB-WDS

**KEITH LAMBRIGHT and
SHIPSHEWANA AUCTION, INC.,**
An Indiana Corporation,

**Defendant(s).**

### ORDER GRANTING DEFENDANT'S MOTION
### FOR A PROTECTIVE ORDER

**THIS MATTER** comes before the Court on Defendant's Motion For a Protective Order. [Doc. 49]  Plaintiff has filed a brief in opposition to the motion, and Defendants have filed a reply brief.  Having considered the submissions, the applicable law, and being otherwise fully advised, this Court finds that Defendants' motion is well taken and it is granted.

### DISCUSSION

This case arises from a dispute over the sale of 650 dairy cows for approximately $1.4 million.  Plaintiff Blackwater alleges that it hired Defendants to sell Plaintiff's cows.  Defendants respond by acknowledging that they did sell 650 cows, but they allege that the cows belonged to Defendants, not Plaintiff.  In this motion Defendants seeks a protective order under Fed R. Civ. Proc. 26(c), arguing that three subpoenas sent to Lake City Bank, Farmer State Bank, and Google, Inc., are overly broad and not narrowly tailored so as to obtain relevant information but not sweep up unacceptable amounts of private, confidential, or otherwise privileged material.

Plaintiff responds by claiming that Defendant waived his objections, failed to make a good faith effort to resolve the dispute, and filed an untimely motion for a protective order, citing Fed.

R. Civ. Proc. 45(c)(2)(B).  Plaintiff also notes that the subpoenas were unenforceable, haven't been responded to, and most likely will not be responded to.

There is no need for the Court to address the alleged overbreadth of the subpoenas, or the timing of the objections, or whether the parties put forth a good faith effort to resolve the dispute. The subpoenas are invalid on their face and are hereby quashed.  Rule 45(a)(2)(C) provides that a "subpoena must issue as follows: for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made."  The subpoenas referenced in this motion were all issued by the United States District Court for the District of New Mexico, but were sent to Farmers State Bank in LaGrange, Indiana, Lake City Bank in Warsaw, Indiana, and Google, Inc. in Denver, Colorado.  Accordingly, the subpoenas are invalid and counsel for Plaintiff is directed to send a letter to each of the subpoena recipients formally withdrawing the subpoenas.

**IT IS THEREFORE ORDERED** that Defendants' Motion For a Protective Order [49] is GRANTED as stated above.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**