IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BLACKWATER DRAW DAIRY, LLC,**
A New Mexico Limited Liability Company,

**Plaintiff,**

vs.                                                                 No. 2:11-cv-00846-RB-WDS

**KEITH LAMBRIGHT and**
**SHIPSHEWANA AUCTION, INC.,**
An Indiana Corporation,

**Defendant(s).**

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF J.T. RANDLE, OR IN THE ALTERNATIVE TO COMPEL ANSWERS TO DEPOSITION QUESTIONS AND DOCUMENT PRODUCTION

**THIS MATTER** comes before the Court on Plaintiff's Motion In Limine to Exclude the Testimony of J.T. Randle, Or In The Alternative To Compel Answers To Deposition Questions and Document Production. [Doc. 58] Having considered the submissions, the applicable law, and being otherwise fully advised, this Court finds that Plaintiff's motion is not well taken and it is denied without prejudice as set forth below.

### DISCUSSION

This case arises from a dispute over the sale of 650 dairy cows for approximately $1.4 million. Plaintiff Blackwater alleges that it hired Defendants to sell Plaintiff's cows. Defendants respond by acknowledging that they did sell 650 cows, but they allege that the cows belonged to Defendants, not Plaintiff. This motion arises from the deposition of J.T. Randle, a former employee at the Blackwater Draw Dairy. Plaintiff objects to Mr. Randle's testimony at the deposition, alleging that it was frequently unresponsive or evasive. Additionally, Mr. Randle was referring to a day planner to answer certain questions, and testified that some of the information in the day planner was

relevant to this lawsuit. Mr. Randle, however, refused to show the day planner to Plaintiff's counsel or provide a copy of the information.

Subsequent to the deposition, Plaintiff issued a subpoena to Mr. Randle for a copy of the day planner. Mr. Randle did not respond to the subpoena, but the subpoena was invalid and was quashed. Rule 45(a)(2)(C) provides that a "subpoena must issue as follows: for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." The subpoena referenced in this motion was issued by the United States District Court for the District of New Mexico, but was served on J.T. Randle in Hico, Texas.

In Plaintiff's reply brief, he appears to be arguing that the court from which a subpoena issues is a mere technicality, and that *this* court should forge ahead and order Mr. Randle to comply with the subpoena. However, this court does not have the jurisdiction to order Mr. Randle to comply. The correct procedure is for Plaintiff to properly serve Mr. Randle with a subpoena issued by the appropriate federal court in Texas. If court action is required to compel Mr. Randle to comply with the subpoena, or hold him in contempt for failure to respond, Rule 45(e) provides that that action must be filed in the issuing court in Texas.

The Court notes that the parties only had two hours in which to depose Mr. Randle, which would not be enough time for a less than cooperative witness. The Court would be inclined to order a continuation of the deposition, but doing so before resolution of the subpoena issue would not solve the problem. Accordingly, the Court denies Plaintiff's motion without prejudice. If necessary, Plaintiff may revisit the issue after he has complied with the court rules concerning subpoenas.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion In Limine to Exclude the Testimony of J.T. Randle, Or In The Alternative To Compel Answers To Deposition Questions and

Document Production.  [Doc. 58]  is DENIED WITHOUT PREJUDICE.

                                                   **W. DANIEL SCHNEIDER**
                                                   **United States Magistrate Judge**