IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BLACKWATER DRAW DAIRY, LLC,
a New Mexico Limited Liability Company,
and PORTALES LIVESTOCK AUCTION, INC.
a New Mexico Corporation,

    Plaintiffs,

vs.        No. CIV 11-0846 RB/WDS

KEITH LAMBRIGHT and
SHIPSHEWANA AUCTION, INC.,
an Indiana Corporation,

    Defendants,

KEITH LAMBRIGHT,

    Counter-Claimant and
    Third-Party Plaintiff,

vs.

PORTALES LIVESTOCK AUCTION, INC.,
A New Mexico Corporation,

    Counterclaim Defendant,

and

Randy Bouldin,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Portales Livestock Auction, Inc.'s (PLA's) and Randy Bouldin's Amended Motion to Dismiss Counterclaim and Third-Party Claim (Doc. 102). Jurisdiction arises under 28 U.S.C. §§ 1331 and 1332. The Court finds that this motion should be denied.

In August, 2011, Blackwater Draw Dairy, LLL (Blackwater) filed its Complaint for Breach of Contract, Unjust Enrichment, and Money Owed in state court against Keith Lambright and Shipshewana Auction, Inc. (SAI), alleging that it sold 650 head of cattle to Lambright and SAI and had not been paid the $1,365,000 purchase price.   In September 2011, Lambright and SAI removed the action to this Court and filed separate answers.   In May 2012, Blackwater moved to amend its Complaint, and filed its First Amended Complaint on August 17, 2012, adding PLA as a plaintiff and asserting additional tort claims against Lambright and SAI.   On September 10, 2012, Lambright and SAI filed separate Answers to the First Amended Complaint.   On the same day, Lambright filed a Counterclaim against PLA and a Third-Party Complaint against Randy Bouldin, the owner and chief executive of PLA, alleging that Lambright loaned $270,000 to PLA and Bouldin and he has not been repaid.   PLA and Bouldin move to dismiss the Counterclaim and Third-Party Claim as untimely.   Lambright points out that PLA and Bouldin opened the door to the Counterclaim and Third-Party Complaint by filing the First Amended Complaint.

The Counterclaim and Third-Party Complaint were filed in response to the First Amended Complaint, which added PLA as a plaintiff.   Upon its filing, the First Amended Complaint became the operative pleading.   *See Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009) (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-557 (2d ed.1990)).   As they were filed in response to the First Amended Complaint, the Counterclaim and the Third-Party Complaint were timely.   *See Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.,* 50 F.R.D. 415, 417 (D.Del.1970) (concluding that a party need not seek leave to amend to assert counterclaims in response to an amended pleading, even though it had not previously raised such counterclaims).   Furthermore, Lambright had no counterclaim against Blackwater, the original Plaintiff.   However, after PLA joined in the action as a Plaintiff, Lambright properly

2

raised his loan claim against PLA and Bouldin. Indeed, the loan claim could be barred if Lambright failed to raise it in this action. *See Fox v. Maulding*, 112 F.3d 453, 459 (10th Cir. 1997) (holding that compulsory counterclaim was barred). The Counterclaim and the Third-Party Complaint were properly filed. Given that Plaintiffs sought, late in the game, to file an amended complaint, they cannot now be heard to complain that legitimate responses thereto should not be allowed because they, too, are late in the game.

**THEREFORE,**

IT IS ORDERED that PLA's and Randy Bouldin's Amended Motion to Dismiss Counterclaim and Third-Party Claim, (Doc. 102), is DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**