IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BLACKWATER DRAW DAIRY, LLC,
a New Mexico Limited Liability Company,
and PORTALES LIVESTOCK AUCTION, INC.
a New Mexico Corporation,

    Plaintiffs,

vs.                                                    No. CIV 11-0846 RB/WDS

KEITH LAMBRIGHT and
SHIPSHEWANA AUCTION, INC.,
an Indiana Corporation,

    Defendants,

KEITH LAMBRIGHT,

    Counter-Claimant and
    Third-Party Plaintiff,

vs.

PORTALES LIVESTOCK AUCTION, INC.,
A New Mexico Corporation,

    Counterclaim Defendant,

and

RANDY BOULDIN,

    Third-Party Defendant.

MEMORANDUM OPINION AND ORDER

    **THIS MATTER** is before the Court on Counter-Claimant and Third-Party Plaintiff

Keith Lambright's Motion for Summary Judgment on Lambright's Loan Claims Against

Portales Livestock Auction, Inc. and Randy Bouldin (Doc. 93). Jurisdiction arises under 28

U.S.C. §§ 1331 and 1332.  The Court finds that this motion should be granted.

**I.     Background**

In August 2011, Blackwater Draw Dairy, LLC (Blackwater) filed its Complaint for Breach of Contract, Unjust Enrichment, and Money Owed in state court against Keith Lambright and Shipshewana Auction, Inc. (SAI), alleging that it sold 650 head of cattle to Lambright and SAI and had not been paid the $1,365,000 purchase price.  In September 2011, Lambright and SAI removed the action to this Court and filed separate answers.  In August 2012, Blackwater filed its First Amended Complaint, adding Portales Livestock Auction, Inc. (PLA) as a plaintiff and asserting additional claims for violations of the Packers and Stockyards Act, 7 U.S.C. §§ 228b and 221, prima facie tort, civil conspiracy, fraud, and conversion against Lambright and SAI.  The First Amended Complaint contains additional allegations that Lambright had loaned Randy Bouldin, the owner and chief executive of PLA and principal of Blackwater, $566,475 to purchase the 650 head of cattle and Bouldin allowed Lambright to receive the proceeds on the sale of other cattle and use other cattle as collateral.  On September 7, 2012, the prima facie tort, civil conspiracy, fraud, and conversion against Defendants were dismissed by stipulation.

On September 10, 2012, Lambright filed a Counterclaim against PLA and a Third-Party Complaint against Bouldin alleging that Lambright loaned $270,000 to PLA and Bouldin and he has not been repaid.  The Court denied PLA's and Bouldin's motion to dismiss the Counterclaim and Third-Party Claim as untimely.  Defendants have moved for summary judgment on Plaintiffs' remaining claims.  Lambright moves for summary judgment on the Counterclaim and Third-Party Complaint (hereinafter "Loan Claim").  PLA and Bouldin contend that genuine issues of material fact preclude summary judgment.

## II.     Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In cases where the moving party will not bear the burden of persuasion at trial, it bears the initial responsibility of identifying an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the movant meets this initial burden, the burden then shifts to the nonmovant to 'set forth specific facts' from which a rational trier of fact could find for the nonmovant." *Libertarian Party of NM v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (quoting FED. R. CIV. P. 56(e) (2007 version)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1142 (10th Cir. 2009).

## III.    Statement of Facts

Lambright has submitted his affidavit, stating that, on October 24, 2008, he agreed to loan $120,000 to PLA and Bouldin at the simple interest rate of 8% per annum, with repayment due within one year. (Doc. 95). Lambright transmitted the $120,000 to PLA and Bouldin by wire transfer from his Lake City Bank account to PLA's First State Bank account on October 24, 2008, as reflected on the wire transfer instructions. (Doc. 95, Ex. A). On November 4, 2008, Lambright agreed to loan $150,000 to PLA and Bouldin at the simple interest rate of 8% per annum, with repayment due within one year. (Doc. 95). Lambright transmitted the $150,000 to PLA and Bouldin by wire transfer from his Lake City Bank account to PLA's First State Bank

account on November 4, 2008, as reflected on the wire transfer instructions.  (Doc. 95, Ex. B).  Shortly after November 4, 2008, Lambright received a check from PLA and Bouldin in the amount of $120,000 bearing the notation "loan."  (Doc. 95, Ex. C).  The check was returned for insufficient funds.  (*Id.*)  The loans have not been repaid.  (Doc. 95).  The interest owing on the first loan was $38,400 as of October 24, 2012, with continuing interest thereafter of $26.30 per day.  (*Id.*)  The interest owing on the second loan was $48,000 as of November 4, 2012, with continuing interest thereafter of $32.88 per day.  (*Id.*)  In response, PLA and Bouldin submitted no evidence.

## IV.   Discussion

Lambright has discharged his initial summary judgment burden.  Specifically, he has establish that no genuine issue of material fact exists as to the terms of the loans based on his affidavit and the attending circumstances demonstrated by the wire transfer instructions and the check.  The burden shifted to PLA and Bouldin to refute this showing with admissible evidence that establishes a genuine issue of material fact for trial.  PLA and Bouldin failed to meet this burden as they presented no evidence in response to Lambright's summary judgment motion.

Federal Rule of Civil Procedure 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted).  In other words, PLA and Bouldin may not simply rest on their pleadings to withstand Lambright's motion for summary judgment.  Rather, it was incumbent upon them to go beyond the pleadings and identify facts in the record that show a genuine issue for trial.  See id.

Instead of relying on facts in the record, PLA and Bouldin represent that "Bouldin has no

recollection of this alleged loan and is currently investigating the books and records that he has to see if he can shed light on it one way or the other." (Doc. 103). PLA and Bouldin reason that "if one party is forced to wade through past transactions, there is clearly a dispute of fact." (*Id.*) Their flawed reasoning contradicts the fundamental summary judgment purpose.

The Supreme Court has explained that the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). It bears underscoring that PLA and Bouldin did not put any facts in dispute. Rule 56(d) allows the party responding to a summary judgment motion to request further discovery. FED. R. CIV. P. 56(d). A party seeking to defer a ruling on summary judgment under this provision must provide an affidavit "explaining why facts precluding summary judgment cannot be presented." *Valley Forge Ins. Co. v. Health Care Managed Partners Ltd.,* 616 F.3d 1086, 1096 (10th Cir. 2010). (citations and quotations omitted). PLA and Bouldin did not file a Rule 56(d) affidavit to request further discovery. *See* FED. R. CIV. P. 56(d). The response is replete with colorful, often disparaging, language yet it is completely devoid of substance. The response is among the weakest this Court has encountered. The response is all the more disturbing and concerning in that Plaintiffs essentially conceded the Loan Claim in footnote 1 of their now-withdrawn Request for Evidentiary Hearing by acknowledging that it "is likely the case that Lambright is entitled to a credit for the $270,000 as a payment towards the balance of $1,365,000." (Doc. 131).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations omitted). Simply put, the record, construed in the light most favorable to PLA and

5

Bouldin, shows that there is no genuine issue of material fact for trial and Lambright is entitled to summary judgment on the Loan Claim.

**THEREFORE,**

**IT IS ORDERED** that Counter-Claimant and Third-Party Plaintiff Keith Lambright's Motion for Summary Judgment on Lambright's Loan Claims Against Portales Livestock Auction, Inc. and Randy Bouldin (Doc. 93) is GRANTED.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**